1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARMEN YAPUNDZHYAN,

        Plaintiff,

    v.

SCOTT KERNAN, et al.,

        Defendants.

_____/

No. C 12-3425 YGR (PR)

**ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND**

**INTRODUCTION**

    This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. **Upon review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before January 31, 2013. In this amended complaint, plaintiff is directed to address the issue that his claims are barred by the statute of limitations.**

**DISCUSSION**

**A.**    **Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

United States District Court

For the Northern District of California

1   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

2   be granted or seek monetary relief from a defendant who is immune from such relief. *See id.*

3   § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

4   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5       A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

6   to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

7   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

8   plausibility when the plaintiff pleads factual content that allows the court to draw the

9   reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

10  *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions

11  cast in the form of factual allegations if those conclusions cannot reasonably be drawn from

12  the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

13  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:    (1)

14  that a right secured by the Constitution or laws of the United States was violated, and    (2)

15  that the alleged violation was committed by a person acting under the color of state law. *See*

16  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **B.    Legal Claims**

18      Plaintiff claims arise from an alleged failure by defendants, his jailors at Salinas

19  Valley State Prison, to protect him from violence from another inmate in 2005. Such claims

20  may be barred by the statute of limitations.

21      As of 2002, the statute of limitations for civil actions filed in California is two years,

22  as set forth at California Civil Procedure Code § 335.1, which is the applicable statute in

23  § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Because an

24  inmate suffers from the disability of imprisonment, an inmate has, for claims accruing after

25  2002, four years to bring a § 1983 claim for damages in California, i.e., the regular two year

26  period under section 335.1 plus two years during which accrual was postponed due to the

27  disability of imprisonment. This tolling provision is unavailable for inmates are sentenced to

28

United States District Court

For the Northern District of California

1    life without the possibility of parole.  Under federal law, a claim generally accrues for

2    calculating the statutory limitations period when the plaintiff knows or has reason to know of

3    the injury which is the basis of the action.  *See TwoRivers v. Lewis*, 174 F.3d 987, 991–92

4    (9th Cir. 1999); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).  Although the

5    statute of limitations is an affirmative defense that normally may not be raised by the court

6    *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint

7    where the defense is complete and obvious from the face of the pleadings or the Court's own

8    records.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984). That is the

9    situation here:  the defense appears complete and obvious from the face of the complaint

10   because this action was filed more than four years after the occurrence of the  acts and

11   omissions alleged in the complaint.

12         The alleged incidents occurred in 2005.  The instant complaint was not filed until

13   2012, well over the four-year statute of limitations period plaintiff may be entitled to.

14   Because it appears that the claims are barred, the complaint is DISMISSED with leave to

15   amend.  In the amended complaint, plaintiff must (1) reallege his claims (including those

16   related to his 2011 disciplinary hearing, which are likely timely), (2) inform the Court of the

17   length of his sentence, and (3) show why the claims should not be dismissed as barred by the

18   statute of limitations.

19         **Plaintiff shall file an amended complaint on or before January 14, 2013.**  The first

20   amended complaint must include the caption and civil case number used in this order

21   (12-3425 YGR (PR)) and the words FIRST AMENDED COMPLAINT on the first page.

22   Because an amended complaint completely replaces the previous complaints, plaintiff must

23   include in his first amended complaint all the claims he wishes to present and all of the

24   defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

25   Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file

26   an amended complaint in accordance with this order will result in dismissal of this action

27   without further notice to plaintiff.

28

No. C 12-3425 YGR (PR)
ORDER OF SERVICE

3

1    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

2  informed of any change of address by filing a separate paper with the clerk headed "Notice of

3  Change of Address."  He must comply with the Court's orders in a timely fashion or ask for

4  an extension of time to do so.  Failure to comply may result in the dismissal of this action

5  pursuant to Federal Rule of Civil Procedure 41(b).

6    Plaintiff's motion for the appointment of counsel (Docket No. 8) is DENIED as

7  premature.  He may refile such motion when he files his amended complaint.

8    The Clerk shall terminate Docket No. 8.

9    **IT IS SO ORDERED**.

10  DATED:  ___January 10, 2013_____

       **YVONNE GONZALEZ ROGERS**
11     **UNITED STATES DISTRICT COURT JUDGE**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

No. C 12-3425 YGR (PR)
ORDER OF SERVICE

4