UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARMEN YAPUNDZHYAN,

    Plaintiff,

    v.

SCOTT KERNAN, et al.,

    Defendants.

    /

No. C 12-3425 YGR (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. **Upon review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before January 31, 2013. In this amended complaint, plaintiff is directed to address the issue that his claims are barred by the statute of limitations.**

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff claims arise from an alleged failure by defendants, his jailors at Salinas Valley State Prison, to protect him from violence from another inmate in 2005. Such claims may be barred by the statute of limitations.

As of 2002, the statute of limitations for civil actions filed in California is two years, as set forth at California Civil Procedure Code § 335.1, which is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Because an inmate suffers from the disability of imprisonment, an inmate has, for claims accruing after 2002, four years to bring a § 1983 claim for damages in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment. This tolling provision is unavailable for inmates are sentenced to

life without the possibility of parole. Under federal law, a claim generally accrues for calculating the statutory limitations period when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint because this action was filed more than four years after the occurrence of the acts and omissions alleged in the complaint.

The alleged incidents occurred in 2005. The instant complaint was not filed until 2012, well over the four-year statute of limitations period plaintiff may be entitled to. Because it appears that the claims are barred, the complaint is DISMISSED with leave to amend. In the amended complaint, plaintiff must (1) reallege his claims (including those related to his 2011 disciplinary hearing, which are likely timely), (2) inform the Court of the length of his sentence, and (3) show why the claims should not be dismissed as barred by the statute of limitations.

**Plaintiff shall file an amended complaint on or before January 14, 2013.** The first amended complaint must include the caption and civil case number used in this order (12-3425 YGR (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

1    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
2 informed of any change of address by filing a separate paper with the clerk headed "Notice of
3 Change of Address." He must comply with the Court's orders in a timely fashion or ask for
4 an extension of time to do so. Failure to comply may result in the dismissal of this action
5 pursuant to Federal Rule of Civil Procedure 41(b).

6    Plaintiff's motion for the appointment of counsel (Docket No. 8) is DENIED as
7 premature. He may refile such motion when he files his amended complaint.

8    The Clerk shall terminate Docket No. 8.

9    **IT IS SO ORDERED**.

10 DATED:   January 10, 2013

**Y**V**ONNE** G**ONZALEZ** R**OGERS**
**U**NITED **S**TATES **D**ISTRICT **C**OURT **J**UDGE