**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARMEN YAPUNDZHYAN,

        Plaintiff,

    vs.

SCOTT KERNAN, et al.,

        Defendants.
_____/

No. C 12-3425 YGR (PR)

**ORDER OF PARTIAL DISMISSAL
AND SERVICE**

**INTRODUCTION**

    Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1]  Upon initial review of the complaint, the Court determined that Plaintiff's claims arose from "an alleged failure by defendants, his jailors at Salinas Valley State Prison [("SVSP")], to protect him from violence from another inmate in 2005." Dkt. 7 at 2 (brackets added).  The Court thus found that "[s]uch claims may be barred by the statute of limitations." *Id.* Therefore, it dismissed the complaint with leave to amend for Plaintiff to specifically address the issue that his aforementioned claims were barred by the statute of limitations. *Id.* at 3.  The Court also acknowledged that Plaintiff had another claim related to his 2011 disciplinary hearing, which was "likely timely." *Id.* at 3.  Thereafter, Plaintiff filed an amended complaint in which he responded to the statute of limitations issue.  Dkt. 10.

    Plaintiff's motion for leave to proceed *in forma pauperis* has been granted.  Venue is proper because the events giving rise to his claims are alleged to have occurred at SVSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**I.**    **Plaintiff's Response to Statute of Limitations Issue**

    In Plaintiff's amended complaint, he argues that his claims are "not barred under the statute of limitations under the special circumstances that for more than six years, Plaintiff was awaiting

---

[1] According to the Court's docket, Plaintiff filed a complaint (dkt. 1) and an "amended complaint" (dkt. 4); however, upon closer examination, the Court notes that only one complaint was filed.  In the initial filing, Plaintiff completed the Court's civil rights complaint form and indicated that his "Statement of the Claim" was on "Attached 1-thr[ough]-6 pages."  (Dkt. 1.)  Plaintiff then attached the aforementioned six pages, which was incorrectly labeled as his "Amended Complaint." Therefore, the Court confirms that there was only one initial complaint with a six-page attachment.

criminal charges in the alleged 2005 incident, whereas, Plaintiff was retained [in administrative segregation] without any rule[s] violation report as to concerns relevant [to] the Sept. 8th, 2005 incident." Dkt. 10 at 1.[2] He further argues that "it was only [in] 2011 [that he] found out that a guilty finding was found based on the 2005 incident;" therefore, he claims that such a special circumstance "does not bar [his] claims before this Court." *Id.* at 2.

Although the Court may still have doubts whether the claims related to the 2005 incident are timely, Plaintiff's statements in his response lead the Court to conclude that it cannot *sua sponte* dismiss the complaint as time-barred. Plaintiff might be able to avoid a statute of limitations bar to such claims in his complaint. This is *not* a determination that the aforementioned claims are timely but instead it is only a determination that the Court is unable at this point to conclusively determine that the claims are barred by the statute of limitations. Accordingly, the Court will now conduct an initial review under 28 U.S.C. § 1915A on the amended complaint.

**II.   Initial Review of Amended Complaint**

    **A.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

    **B.   Legal Claims**

        **1.   Deliberate Indifference to Safety**

A prison official is deliberately indifferent if he or she knows that a prisoner faces a

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

United States District Court
For the Northern District of California

substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The test for deliberate indifference consists of two parts, an objective prong and a subjective prong. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834. Second, the subjective component requires that the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

Plaintiff claims that on September 8, 2005, he informed Defendant SVSP Correctional Officer Espey[3] that his cell mate, inmate Archuleta, "was having problems and was about to fight while in Cell F-D-B-8-227." Dkt. 10 at 3. Plaintiff claims that a "fight ensued between the Plaintiff and his cell mate Archuleta, and with a lucky punch Plaintiff hit Archuleta, after he was attacked first by Archuleta, who fell to the floor." *Id.* at 3. Plaintiff was removed from his cell and placed in administrative segregation pending an alleged investigation, which did not result in any charges filed until 2011. *Id.* at 4-5.

Liberally construed, the allegations of the amended complaint state a claim for deliberate indifference to Plaintiff's safety in violation of his Eighth Amendment rights. Plaintiff has alleged facts sufficient to link Defendant Espey to his claim.

### 2. Due Process Claim

The decision to place and retain a prisoner in administrative segregation must comport with procedural due process only if the specific deprivation at play constitutes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff claims that he was held in administrative segregation for "six (6) consecutive years" and that he did not receive a rules violation report as to why he was [being] retained in administrative segregation pending an investigation into [the] alleged misconduct . . . until September 13, 2011 . . . [when] he learned what he was being charged with . . . ." Dkt. 10 at 4-5. Plaintiff's deprivation here -- a prolonged term in administrative segregation at SVSP -- suggests

---

[3] In his original complaint, Plaintiff spells Defendant Espey's name as "Espy"; however, the attachments to that complaint indicate that the correct spelling is "Espey." Dkt. 4 at 7.

United States District Court
For the Northern District of California

1    sufficient severity to implicate procedural due process protection.  Assuming that this is the case,

2    the Ninth Circuit has held that Plaintiff was entitled to the following procedures before placement in

3    administrative segregation: (1) an informal non-adversary hearing within a reasonable time after

4    being segregated, (2) notice of the charges or the reasons segregation is being considered, and (3) an

5    opportunity to present his views.  *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir 1986).

6    There also must be "some evidence" to support the decision to segregate plaintiff for administrative

7    reasons, *id.* at 1104-04 (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)), and the evidence

8    relied upon must have "some indicia of reliability," *Madrid v. Gomez*, 889 F. Supp. 1146, 1273-74

9    (N.D. Cal. 1995).  In view of the following, Plaintiff's allegations regarding placement and retention

10   in administrative segregation at SVSP, when liberally construed, state a cognizable claim

11   under section 1983 for a denial of due process against the following Defendants at SVSP: Chief

12   Deputy Wardens M. Moore and J. Soto; Associate Warden L. Trexler; Facility Captains G. Lewis

13   and J. McCall; Lieutenants B. Sherman and R. Martinez, as well as Case Counselors G. Gauch, A.

14   Williams, I. Herrera, Dr. Batter, and R. Rurgh.

15                    **3.      Supervisory Liability Claim**

16           Plaintiff has named Defendant Secretary of the Department of Corrections and

17   Rehabilitation Scott Kernan in the caption of his amended complaint.  Dkt. 10 at 3.  However,

18   Plaintiff does not claim Defendant Kernan  personally violated his constitutional rights.  Rather,

19   Plaintiff seems to contends that Defendant Kernan is liable based on the conduct of his subordinates,

20   the aforementioned SVSP Defendants.  However, there is no respondeat superior liability under

21   § 1983.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, Plaintiff must allege that

22   Defendant Kernan, as a supervisor,  "participated in or directed the violations, or knew of the

23   violations and failed to act to prevent them."  *Id.*  Here, no facts are alleged to establish supervisorial

24   liability on the part of Defendant Kernan.  Accordingly, Plaintiff's supervisory liability claim

25   against Defendant Kernan is DISMISSED without prejudice.

26                    **4.      Remaining Defendants Not Linked to Claims**

27           In the section of the civil rights complaint form that has been filed as part of his original

28   complaint, dkt. 1, (where the plaintiff is asked to write the names of all defendants) Plaintiff has also

names SVSP Correctional Officers B. Rankins and Craforward. Dkt. 1 at 3. Neither Defendants is linked specifically to the allegations in the body of the complaint, however.

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *See id.* Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Id.* at 634.

Because Plaintiff has not linked Defendants Rankins and Craforward to his deliberate indifference and due process claims, any such claims cannot proceed against these Defendants and are therefore DISMISSED without prejudice.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.    Plaintiff states a claim for deliberate indifference to his safety in violation of his Eighth Amendment rights against Defendant Espey.

2.    Plaintiff states a cognizable due process claim against the Defendants named above from SVSP.

3.    Plaintiff's supervisory liability claim against Defendant Kernan is DISMISSED without prejudice.

4.    Plaintiff's claims against Defendants Rankins and Craforward are DISMISSED without prejudice.

5.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended

United States District Court
For the Northern District of California

5

complement and all attachments thereto (dkt. 10) and a copy of this Order to the following Defendants at SVSP: **Correctional Officer S. Espey; Chief Deputy Wardens M. Moore and J. Soto; Associate Warden L. Trexler; Facility Captains G. Lewis and J. McCall; Lieutenants B. Sherman and R. Martinez, as well as Case Counselors G. Gauch, A. Williams, I. Herrera, Dr. Batter, and R. Rurgh.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[4] notice so

2    that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose

3    the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand*

4    must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to

5    exhaust available administrative remedies must be accompanied by a similar notice.  However, the

6    Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on

7    the face of the amended complaint, Defendants may move for dismissal under Rule 12(b)(6) as

8    opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v.*

9    *Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108,

10   1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the

11   Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as

12   an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is *not* clear on the face of the

13   amended complaint, Defendants must produce evidence proving failure to exhaust in a motion for

14   summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to

15   Plaintiff shows a failure to exhaust, Defendant are entitled to summary judgment under Rule 56.  *Id.*

16   But if material facts are disputed, summary judgment should be denied and the district judge rather

17   than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

18         If Defendants are of the opinion that this case cannot be resolved by summary judgment,

19   they shall so inform the Court prior to the date the summary judgment motion is due.  All papers

20   filed with the Court shall be promptly served on Plaintiff.

21         b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

22   and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants'

23   motion is filed.

24         c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the

25   Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do

26   in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted

27

28         [4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

United States District Court
For the Northern District of California

1    when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that

2    would affect the result of your case, the party who asked for summary judgment is entitled to

3    judgment as a matter of law, which will end your case.  When a party you are suing makes a motion

4    for summary judgment that is properly supported by declarations (or other sworn testimony), you

5    cannot simply rely on what your amended complaint says.  Instead, you must set out specific facts in

6    declarations, depositions, answers to interrogatories, or authenticated documents, as provided in

7    Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show

8    that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in

9    opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is

10   granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

11           Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to

12   exhaust is clear on the face of the amended complaint -- a motion to dismiss for failure to exhaust

13   available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit

14   without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you

15   did exhaust your available administrative remedies before coming to federal court.  Such evidence

16   may include: (1) declarations, which are statements signed under penalty of perjury by you or others

17   who have personal knowledge of relevant matters; (2) authenticated documents -- documents

18   accompanied by a declaration showing where they came from and why they are authentic, or other

19   sworn papers such as answers to interrogatories or depositions; (3) statements in your amended

20   complaint insofar as they were made under penalty of perjury and they show that you have personal

21   knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for

22   failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under

23   Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact

24   with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

25           (The notices above do not excuse Defendants' obligation to serve similar notices again

26   concurrently with motions to dismiss for failure to exhaust available administrative remedies and

27   motions for summary judgment.  *Woods*, 684 F.3d at 935.)

28                   d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the

8

date Plaintiff's opposition is filed.

       e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    8.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

    9.    All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

    10.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

    11.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

    IT IS SO ORDERED.

DATED:   August 28, 2014

                             YVONNE GONZALEZ ROGERS
                             UNITED STATES DISTRICT COURT JUDGE

**United States District Court**
For the Northern District of California