UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMEN YAPUNDZHYAN,<br><br>    Plaintiff,<br><br>        v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | Case No. 12-cv-03425-YGR (PR)<br><br>**NOTICE REGARDING INABILITY TO SERVE DEFENDANTS LEWIS, SHERMAN, GAUCH, WILLIAMS, AND BATTER** |

This Order addresses issues regarding service in the above-captioned action. Service has been ineffective on Defendants G. Lewis, B. Sherman, G. Gauch, A. Williams, and Batter. As to Defendant Lewis, the Court has been informed by the Litigation Coordinator at Pelican Bay State Prison that Defendant Lewis "is no longer employed at Pelican Bay State Prison and no forwarding address has been provided." Dkt. 17. Meanwhile, the Court has been informed by the Litigation Coordinator at Salinas Valley State Prison ("SVSP") that Defendants Sherman and Batter were "never" employed at that prison. Dkt. 15. Finally, the SVSP Litigation Coordinator also provided the Court with the "last known address[es]" for Defendants Williams and Gauch, and the Clerk of the Court re-served the summons and complaint on both Defendants at their respective last known address. Dkts. 19, 20 (filed under seal). However, both were returned as undeliverable with the following notations: "RETURN TO SENDER, UNABLE TO FORWARD." Dkts. 23, 24 (filed under seal).

While Plaintiff may rely on service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request

service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service and the plaintiff is so informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause"); *see also Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the Court with the current addresses for Defendants Lewis, Sherman, Gauch, Williams, and Batter. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current addresses of these Defendants.

If Plaintiff fails to provide the Court with the current addresses of these Defendants within the twenty-eight-day deadline, all claims against these Defendants will be dismissed without prejudice under Rule 4(m).

IT IS SO ORDERED.

DATED: November 10, 2014

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge